No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE DUSTIN JOHN HIGGS,

**Movant.**

APPLICATION FOR LEAVE TO FILE
A SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255

Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Movant, Dustin John Higgs, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2).  Mr. Higgs makes this request so that he may immediately assert a challenge to his convictions for using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).  Specifically, Mr. Higgs seeks to challenge his § 924(c) convictions based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Welch v. United States*, 136 S. Ct. 1257 (2016).  *Davis* held that the residual clause in § 924(c) is unconstitutionally vague.  139 S. Ct. at 2336.  *Welch* held that a similar ruling with respect to 18 U.S.C. § 924(e) is a substantive rule that is retroactively applicable.  *Id.* at 1262.  Mr. Higgs's convictions and the resulting death sentences are unconstitutional, and the new decision in *Davis* applies retroactively.

Mr. Higgs makes the prima facie showing required by 28 U.S.C. § 2244(b)(3) and § 2255(h)(2).  Therefore, this Court should allow the district court an opportunity to consider the merits of his application.

## INTRODUCTION

On October 11 2000, Mr. Higgs was convicted of three counts of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 5, 10 and 15).[1] Specifically, the § 924(c) counts alleged that the underlying "crimes of violence" for the § 924(c) charges were murder and kidnapping, in violation of 18 U.S.C. §§ 1111 and 1201.

---

[1] Mr. Higgs was also convicted of three counts of premeditated murder (18 U.S.C. § 1111); three counts of felony murder (18 U.S.C. § 1111); and three counts of kidnapping resulting in death (18 U.S.C. § 1201(a)(2)).

However, post-*Davis,* as explained in the attached 28 U.S.C. § 2255 motion, murder and

kidnapping fail to categorically qualify as "crime[s] of violence." *See* Exhibit 1 (Proposed

Motion to Correct Sentence under 28 U.S.C. § 2255). Therefore, Mr. Higgs's § 924(c)

convictions are void.

As explained in detail in the proposed § 2255 motion, the relevant portion of § 924(c)

defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly

referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the

residual clause.[1] The residual clause is now void for vagueness under *Davis*, and both murder

and kidnapping fail to categorically qualify as a "crime of violence" under the remaining force

clause. If either one of the underlying offenses fails the categorical test for crimes of violence,

the "crime of violence" element is not satisfied. Therefore, the "crime of violence" element

cannot be satisfied here under § 924(c), and the convictions are unconstitutional.

As a result, Mr. Higgs's § 924(c) convictions 1) violate due process, 2) violate the United

States laws and result in a fundamental miscarriage of justice, and 3) were entered in excess of

the district court's jurisdiction.

Mr. Higgs urges this Court to authorize his application for a successive petition so that he

can pursue the above-described *Davis* claim in district court. Because Mr. Higgs has previously

---

[1] Under § 924(c)(3), "crime of violence" is defined as follows:

(3)  For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A)  has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition. 28 U.S.C. § 2244(b)(3). This Court may authorize the filing of a second or successive application when the petitioner makes a "prima facing showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

The Court's decision in *Davis* is a substantive rule that is retroactively applicable. The Supreme Court has held that *Johnson v. United States*, 135 S. Ct. 2551 (2015), a predecessor to *Davis*, is such a substantive rule. *Welch*, 136 S. Ct. at 1262. And at least three courts of appeal have already found that *Davis* applies retroactively, for the same reason. *In re Mullins*, 942 F.3d 975, 978-79 (10th Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1101 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). A district court in this Circuit has agreed. *Horton v. United States*, 2019 WL 6176158, *2 (M.D.N.C. Oct. 25, 2019), *adopted*, 2019 WL 6173698 (M.D.N.C. Nov. 20, 2019). Undersigned counsel know of no contrary authority.

Because *Davis* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, Mr. Higgs can make a prima facie showing that he is entitled to pursue a successive § 2255 petition.

**PROCEDURAL HISTORY**

### A.     Trial and sentencing

On December 21, 1998, Mr. Higgs was indicted for three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder, felony murder, and kidnapping

3

resulting in murder. *United States v. Haynes et al.*, Crim. No. PJM-98-0520. On December 20, 1999, the grand jury returned a second superseding indictment. The indictments charged first degree murder generally under 18 U.S.C. § 1111, without any specific reference to 18 U.S.C. § 1111(b), which authorizes a death sentence.

On October 11, 2000, Mr. Higgs was convicted on all of the above counts following a jury trial. On January 5, 2001, the District Court sentenced Mr. Higgs to death on the capital counts, and to five years consecutive to the capital offenses on Count 5; 20 years consecutive to Count 5 on Count 10; and 20 years consecutive to Count 10 on Count 15.

### B. Direct appeals

Mr. Higgs appealed to this Court, which upheld the convictions and sentences on direct appeal. *United States v. Higgs*, No. 01-3, 353 F.3d 281 (4th Cir. 2003).

While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses. The District Court denied the motion for new trial, and this Court again affirmed. *United States v. Higgs*, No. 03-19, 95 F. App'x 37 (4th Cir. 2004). Certiorari was denied with respect to each appeal. *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

### C. Previous 2255 petitions

On November 28, 2005, Mr. Higgs filed a motion for relief under 28 U.S.C. § 2255 (attached as Exhibit 2). On April 7, 2010, the District Court denied the § 2255 motion. *United States v. Higgs*, Civil No. PJM-05-3180, 711 F. Supp. 2d 479 (D. Md. 2010) (attached as Exhibit 3). On November 23, 2011, this Court affirmed the denial of relief. *United States v. Higgs*, No. 10-7, 663 F.3d 726 (4th Cir. 2011) (attached as Exhibit 4). The United States Supreme Court denied certiorari on December 10, 2012. *Higgs v. United States*, 133 S. Ct. 787 (2012).

On December 4, 2014, Mr. Higgs moved for relief from the judgment in the § 2255

proceeding, pursuant to Fed. R Civ. P. 60(d).  *United States v. Higgs*, Crim. No. PJM-98-0520,

Civil No. PJM-05-3180 (attached as Exhibit 5).  The District Court denied the motion for relief.

*United States v. Higgs*, 193 F.Supp.3d 495 (D. Md. 2016) (attached as Exhibit 6).  This Court

denied a certificate of appealability, *United States v. Higgs*, No. 16-15, Order (4th Cir. Feb. 23,

2017), and the Supreme Court denied certiorari.  *Higgs v. United States*, 138 S. Ct. 2572 (2018).

On May 23, 2016, Mr. Higgs filed in this Court a motion for leave to file a successive

motion for relief under 28 U.S.C. § 2255 (attached as Exhibit 7), premised on the Supreme

Court's decisions in *Johnson* and *Welch*.[2]  By a 2-1 vote, this Court denied the motion.  *In re*

*Higgs*, No. 16-8, Order (4th Cir. June 27, 2016).

## LEGAL STANDARDS

**Mr. Higgs's petition for permission to file a successive motion in the district court under §**
**2255 should be granted because his petition depends on *Davis*, and *Davis* announced a new**
**constitutional rule which has been made retroactive by the Supreme Court.**

> **A.     Mr. Higgs makes a sufficient showing of possible merit to warrant fuller**
> **exploration by the district court.**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act, as set

forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based

on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Under this provision, a federal

---

[2] In its response in those proceedings, the Government argued inter alia that Mr. Higgs was not
entitled to pursue a successive motion based on *Johnson* because that would have required the
reviewing court to extend the decision in *Johnson* from convictions under § 924(e) to convictions
under § 924(c), where *Johnson* did not necessarily apply.  *In re Higgs*, No. 16-8, Gov't's Opp. to
Def't's App. to File Successive § 2255 Motion, 12-13 (4th Cir. June 3, 2016).  The Government
further submitted that such a denial would be "without prejudice to his right to file a new
application in the event the law changes."  *Id.* at 13.  The law has now changed.

prisoner must make a prima facie showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that a "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. In other words, an applicant need only make a prima facie showing that the § 2255(h)(2) standard is met, not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282. As further detailed below, Mr. Higgs easily satisfies the gatekeeping requirements of § 2255(h)(2).

### 1. *Davis* announced a previously unavailable new rule of substantive constitutional law.

In *Davis*, the Supreme Court announced a new rule of constitutional law.

A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). There is broad agreement among courts that have considered the issue that *Davis* is a new rule. *See, e.g.*, *Reece*, 938 F.3d at 635 ("*Davis* easily meets" the criteria of *Chaidez* and *Teague*); *Bowen*, 936 F.3d at 1101 ("*Davis* created a new rule."); *Hammoud*, 931 F.3d at 1038 (*Davis* "announced a new . . . rule").

6

*Davis* also announced a rule "of constitutional law." *Davis* expressly holds that "§ 924(c)(3)(B) is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336. Because § 924(c)(3)(B) is vague, the Fifth Amendment's Due Process Clause forbids relying on that section as a basis for increasing a statutory minimum or maximum sentence. *See Johnson*, 135 S. Ct. at 2563 (applying this rule to another similarly vague statute).

Similarly, in *Welch*, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." 136 S. Ct. at 1264. *Welch* also treated *Johnson's* rule as one of "constitutional law," and held it was applicable retroactively because it was a substantive rule. *See id.* at 1264-65. The Court's treatment of the similar rule in *Johnson* as retroactively available strongly supports the retroactive availability of *Davis*. *See Reece*, 938 F.3d at 635 (the "rule announced in *Davis* meets the standard for a new substantive rule") (relying in part on *Welch*); *Bowen*, 936 F.3d at 1101 ("[T]he rule announced in *Davis* is clearly substantive."); *Hammoud*, 931 F.3d at 1038 ("*Davis*, like *Johnson* before it, announced a new substantive rule.").

> **2.      The Supreme Court has made *Davis* retroactive to cases on collateral review under 28 U.S.C. § 2255(h)(2).**

To obtain review of the merits of a successive § 2255 motion, a movant must show not only that she is relying on a new, retroactive rule of constitutional law, but also that the new rule has been "made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2). In *Tyler*, the Court held that this requirement is satisfied if (1) the Supreme Court has expressly held that the new rule is retroactive, or (2) the Supreme Court's holdings in "[m]ultiple cases . . . necessarily dictate retroactivity of the new rule." 533 U.S. at 662-64, 666 (considering the equivalent statutory requirement for state prisoners under 28 U.S.C. § 2244(b)(2)(A)). Because the Supreme Court in *Davis* did not expressly state whether its holding applies retroactively, the

7

question becomes whether the retroactivity of *Davis* is "necessarily dictated" by the holdings of multiple cases. *Id.* at 666.

The Supreme Court's decisions in *Johnson* and *Welch* dictate the retroactivity of the rule in *Davis*. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence." 136 S. Ct. at 1265. *Johnson* establishes, in other words, that "'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." *Id.* (quoting *United States* v. *United States Coin & Currency*, 401 U. S. 715, 724 (1971)). Therefore, the Court held, *Johnson* is "a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

Because the reasoning of *Welch* applies equally to *Davis* as to *Johnson*, the Eleventh Circuit held in *Hammoud* that *Davis* likewise has been made retroactive to cases on collateral review:

> [T]he Supreme Court held in *Welch* that *Johnson* announced a new substantive rule. Specifically, the *Welch* Court determined that the new constitutional rule announced in *Johnson* was substantive because, by striking down the ACCA's residual clause, *Johnson* substantively altered the range of conduct or the class of persons the ACCA could punish. As such, the Court determined that *Johnson*'s new rule fell within *Teague*'s first exception and, so, was retroactive. Since the Supreme Court's decision in *Welch*, this Court has recognized that federal prisoners who can make a *prima facie* showing that they were previously sentenced in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion.
>
> The same rationale applies here. As we have already explained, by striking down § 924(c)(3)(B)'s residual clause, *Davis* altered the range of conduct and the class of persons that the § 924(c) statute can punish in the same manner that *Johnson* affected the ACCA. In other words, *Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule was announced. Consequently, for purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* "necessarily

8

dictate" that *Davis* has been "made" retroactively applicable to criminal cases that became final before *Davis* was announced.

*Hammoud*, 931 F.3d at 1039 (citations omitted).[3]

The Eleventh Circuit's analysis is correct. The Supreme Court's decisions in *Johnson* and *Welch* make *Davis* retroactive to cases on collateral review. Indeed, the Solicitor General has conceded that *Davis* is retroactive on collateral review. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) . . . is unconstitutionally vague would be a retroactive substantive rule applicable on collateral review.") (citing *Welch*, 136 S. Ct. at 1264).

**B.      Mr. Higgs is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Higgs has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court." *See Williams*, 330 F.3d at 282 (reviewing court should give at most a "cursory glance" at the merits); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (authorizing filing of successive motions based on *Davis* without addressing whether predicate offenses qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A)).

Nevertheless, in the prior proceedings, the Government argued at some length that the predicate offenses of kidnapping and murder are crimes of violence under § 924(c)(3)(A). *In re Higgs*, No. 16-8, Gov't Opp. at 13-20. A "cursory glance" at the merits, however, shows that the

---

[3] The Eleventh Circuit has held that a movant who files one successive § 2255 motion is barred under 28 U.S.C. § 2244(b)(1) from filing a second successive motion raising the same claim. *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2016). As far as counsel is aware, this Court has never ruled on that issue. In any event, a claim under *Davis* is sufficiently distinct from a claim under *Johnson* that this bar would not apply. *Hammoud*, 931 F.3d at 1039-40.

Government has not met its burden to show conclusively that Mr. Higgs's claim has no merit.

First, this Court has held that kidnapping under 18 U.S.C. § 1201(a) is *not* categorically a crime of violence. *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). Thus, a cursory glance shows that Mr. Higgs's claim has merit.

Second, it is at best far from clear that murder under 18 U.S.C. § 1111 is categorically a crime of violence. This is true because the force clause of § 924(c)(3)(A) requires the *intentional* use of force, but § 1111(a) covers murders committed in the course of enumerated felonies, without any requirement for the intentional use of force. In *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2014), the Court held that the force clause of 18 U.S.C. § 16(a)—which is identical to the § 924(c) force clause—requires a "higher mens rea than . . . merely accidental or negligent conduct." An offense that, like § 1111(a), includes reckless or negligent felony murder, is therefore not categorically a crime of violence. *See United States v. Vederoff*, 914 F.3d 1238, 1248 (9th Cir. 2019) (Washington second degree murder statute that included felony murder was not categorically a crime of violence).[4]

Third, where, as here, two predicate crimes are charged conjunctively and there is no way to tell for certain of which crime the defendant was convicted, the court must assume that the defendant was convicted of the "least serious" of the disjunctive elements of the statute. *United States v. Chapman,* 666 F.3d 220, 227 (4th Cir. 2012) (en banc). This is true even when a count in the indictment alleges the alternative elements in the conjunctive. As the Fourth Circuit held

---

[4] This Court has held that second degree retaliatory murder under 18 U.S.C. § 1513(a) is categorically a crime of violence. *In re Irby*, 858 F.3d 231, 234-36 (4th Cir 2017). *Irby*, however, is distinguishable. The retaliatory murder statute--§ 1513(a)—has as an element killing or attempt to kill "with intent to retaliate." 18 U.S.C. § 1513(a)(1). By its terms, § 1513(a)(1) requires specific intent to retaliate, while § 1111(a) applies to both intentional killings and reckless or negligent felony murder.

in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc), and again in *Chapman*, 666 F.3d at 228, the mere fact that a count in an indictment charges alternative elements of a statute in the conjunctive (for example, a § 924(c) count that alleges kidnapping and murder as § 924(c) predicates) does not mean that the defendant was necessarily convicted of both sets of elements. "Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements . . . ." *Vann*, 660 F.3d at 774. Therefore, the violation of *Davis* was harmful even if it is assumed that murder under § 1111(a) is a crime of violence, because the record is ambiguous as to which predicate offense the jury relied on in convicting Mr. Higgs of the § 924(c) offenses.

WHEREFORE, because Mr. Higgs has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the District of Maryland the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dated: January 6, 2020

11

**CERTIFICATE OF SERVICE**

I, Matthew C. Lawry, hereby certify that on this 6th day of January, 2020, I electronically

filed the foregoing application using the Court's CM/ECF system.  Electronic notice will be

provided to the following individuals:

Sandra Wilkinson
Assistant United States Attorney
Office of the United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770-1249


/s/ Matthew C. Lawry
Matthew C. Lawry