No. 20-02

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**In re: Dustin John HIGGS, Movant**

*On Motion for Authorization to File Successive Petition under 28 U.S.C. §2255*
*in the United States District Court for the District of Maryland*
*The Honorable Peter J. Messitte, U.S. District Judge*

# RESPONSE IN OPPOSITION
# OF RESPONDENT UNITED STATES OF AMERICA

**Robert K. Hur**
**United States Attorney**

**Jason D. Medinger**
**Burden H. Walker**
**Assistant United States Attorneys**

**Assistant United States Attorneys**
**36 S. Charles Street, 4th Flr.**
**Baltimore, Maryland 21201**
**410-209-4974**

**January 28, 2020**

## INTRODUCTION

Movant Dustin Higgs and his co-conspirator murdered three women with a handgun in 1996. For these acts, he was found guilty of three counts of first-degree murder, three counts of felony murder, and three counts of kidnapping resulting in death. He was given nine death sentences for these crimes. He was also given an aggregate, consecutive 45-year sentence for his related convictions under 18 U.S.C. § 924(c) should his death sentences somehow not be carried out.

Facing down the grim prospect of nine death sentences, and after exhausting all his appeals and collateral attacks, the defendant now asks this Court to grant him permission to launch yet another collateral attack. This Court should decline the invitation. To prevail, the defendant must convince this Court that federal first-degree murder is somehow not a "crime of violence" under § 924(c). He must also demonstrate how any ruling on his 924(c) convictions would provide him any meaningful relief given that he is already facing (and will still face even if his petition is successful) nine death sentences. Because even a cursory glance at his proposed petition shows it has no merit and would fail to provide any meaningful relief, this Court should deny the petition.

1

**STATEMENT OF JURISDICTION**

Movant Dustin Higgs has applied for leave to file a successive motion under 28 U.S.C. § 2255. This Court has jurisdiction to deny or grant the request under 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255(h).

**STATEMENT OF THE ISSUE**

Whether Higgs' motion should be denied and he should not be permitted to file a successive habeas petition because: (a) even on a "cursory glance" the petition lacks merit (because federal first-degree murder is quite obviously a "crime of violence"); and (b) the proposed petition challenges only a few of the defendant's convictions under 18 U.S.C. § 924(c) and provides no basis to disturb the defendant's multiple death sentences stemming from his separate murder and aggravated kidnapping convictions.

**STATEMENT OF THE CASE**

**A. Factual Background**

On January 27, 1996, not long after 3:30 a.m., Dustin Higgs and his co-conspirator Willie Mark Haynes murdered Tanji Jackson, Tamika Black, and Mishann Chinn in cold blood just off the Baltimore-Washington Parkway. *United States v. Higgs*, 353 F.3d 281, 289 (2003). Higgs had organized a triple date with

2

the three women that night at his apartment, but after Jackson had gotten into an argument with Higgs, the three women left. *Id.* at 289-90. Higgs became angry, grabbed his silver .38 caliber firearm and beckoned the other two men to join him in his van to drive after the women. *Id.* at 290. Higgs caught up to the three victims, and one of the other men talked them into getting inside. *Id.* Instead of taking the women home, however, Higgs drove to the Patuxent National Wildlife Refuge, just off the Baltimore-Washington Parkway, and instructed the victims to get out of the van. *Id.* Higgs then pulled out his pistol and handed it to Haynes, who proceeded to shoot the three women dead. *Id.* A motorist found the three women's bodies "strewn about the roadway" at around 4:30am that morning. *Id.* at 290-91.

Higgs was subsequently charged by a federal grand jury with three counts of first-degree premediated murder, in violation of 18 U.S.C. § 1111(a) (Counts 1, 6, 11); three counts of first-degree murder committed in the preparation or attempted perpetration of a kidnapping, also in violation of 18 U.S.C. § 1111(a) (Counts 2, 7, and 12); three counts of kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(2) (Counts 4, 9, 14); and three counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 5, 10, 15). *Id.* at 289; Exhibit 1 (Superseding Indictment). As important here, the 924(c)

3

counts were based on two predicates, the corresponding murder *and* aggravated kidnapping charges related to each victim.   Exhibit 1 at 5, 10, 15.

A jury convicted Higgs on all counts.   He was sentenced to nine death sentences for each of the murder and kidnapping counts, and an aggregate, consecutive 45-year sentence for the three 924(c) convictions.   *Higgs*, 353 F.3d at 295.

This Court affirmed Higgs's convictions and sentences on direct appeal.   *Id.* Higgs then began filing a series of collateral attacks.

He filed his first habeas petition under 28 U.S.C. § 2255 on November 28, 2005, which the district court denied.   *Higgs v. United States*, 711 F. Supp. 2d 479 (D. Md. 2010).   This Court granted a certificate of appealability, but still affirmed the convictions.   *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011).

Then, on December 4, 2014, although styled as a motion under Fed. R. Civ. P. 60, Higgs filed what was essentially a second 2255 petition, which the district court also denied.   *United States v. Higgs*, 193 F. Supp. 3d 495 (D. Md. 2016). This Court denied a certificate of appealability on this claim.

Then, on May 23, 2016, Higgs filed his third attempt to collaterally attack his convictions, this time seeking permission to file a successive habeas petition in order

to attack his 924(c) convictions based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), was unconstitutionally vague. *In re: Higgs*, Case No. 16-8 (4th Cir.). This Court denied a certificate of appealability in that case.

Higgs has now filed the instant petition seeking permission to amount what is essentially his fourth collateral attack on his convictions. He claims that he should be allowed to return to the district court to file a habeas petition attacking only his 924(c) convictions based on the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. Without the residual clause, he claims his 924(c) convictions are now infirm. To achieve this result, he makes the argument that federal first-degree murder and aggravated kidnapping are not "crimes of violence" under the still-extant force clause of 924(c). Because even a "cursory glance" at the merits shows this claim is not well-taken, and in any event will do nothing to impact his nine death sentences, the government respectfully submits that the instant motion should be denied.

5

## SUMMARY OF ARGUMENT

Even a cursory glance at the defendant's sole § 2255 claim reveals that it is meritless, and thus his request to file yet another habeas petition must be rejected.

To even have a chance to return to the district court to file his successive petition, the defendant here must clear several hurdles. First, he must establish his reliance on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Then, second, and more important here, the defendant must establish "a sufficient showing of possible merit." *In re Hubbard*, 825 F.3d 225, 228 (4th Cir. 2016). In weighing whether this showing is made, this Court may, and indeed should, make a "cursory glance" at whether the defendant will prevail on the merits and achieve any kind of meaningful relief. *See id.* at 231.

Under the weight of these rigorous standards, the defendant's petition necessarily fails. This is because even a cursory glance at the merits reveals that federal murder and kidnapping resulting in death are both crimes of violence under the force clause of 924(c). No serious argument can be made that first-degree, premeditated murder does not satisfy the force clause. Nor can it be claimed that any forcible act resulting in death (here, kidnapping) is somehow a non-violent act.

And even if the defendant could prevail on the kidnapping-resulting-in-death argument, the law of this Circuit holds that where one 924(c) predicate is nullified, the conviction must still stand if there is a valid alternative predicate. Accordingly, here, to have any chance, the defendant must run the table and convince this Court not only that kidnapping resulting in death is not a crime of violence, but first-degree premeditated federal murder is also not a crime of violence. A cursory glance at the merits shows this a bridge too far. There is thus no basis to grant this petition.

But beyond the shortcomings in his primary argument, the defendant's petition should fail for an additional reason: allowing a successive petition would provide the defendant with no meaningful relief. The defendant will still be facing nine death sentences. His 45-year sentence for his 924(c) convictions is to be served consecutive to the nine death sentences he received. Simply put, attacking the 924(c) convictions simply does nothing to afford the defendant any meaningful relief. The petition should be denied.

## ARGUMENT

**I. HIGGS FAILS TO SATISFY THE STANDARDS GOVERNING SUCCESSIVE HABEAS PETITIONS BECAUSE HIS PETITION IS PATENTLY MERITLESS**

    **A. Relevant Legal Standards**

By enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress imposed the following limits on review of successive motions under 28 U.S.C. § 2254:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . .

28 U.S.C. § 2244(b); *see* 28 U.S.C. § 2255(h).

In addition, § 2244(b)(3)(A) provides that a successive application may not be filed in the district court without authorization from the relevant court of appeals. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In undertaking this "prima facie" analysis, the moving party needs to show that the application presents a claim that "relies on a [qualifying] new rule of constitutional law." *In re Hubbard*, 825 F.3d at 229 (quoting *In re Vassell*, 751

F.3d 267, 269 (4th Cir. 2014). He must also make "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Hubbard*, 825 F.3d at 229 (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). In making this determination, this Court is entitled to take a "cursory glance at the merits" to determine if the claim is worth permitted. *Id.*

**B.** **A "Cursory Glance" Shows That Higgs's Arguments Are Meritless.**

As detailed above, Higgs relies on the Supreme Court's determination in *Davis* that the residual clause in 924(c)(3)(B) is void for vagueness. Assuming this decision announced a new rule of constitutional law made retroactive on collateral review, the question then becomes whether, even without the residual clause, are the defendant's 924(c) convictions still supported by valid predicates? In other words, are federal first-degree, premeditated murder and kidnapping resulting in murder crimes of violence under the force clause in 18 U.S.C. § 924(c)(3)(A)? Because the answers are quite obviously yes and yes, the petition should be denied.

**1.** **First Degree Murder Is A Crime Of Violence**

The federal murder statute, 18 U.S.C. § 1111, provides that "[m]urder is the unlawful killing of a human being with malice aforethought." The statute further provides that "[e]very murder perpetrated by . . . willful, deliberate, malicious, and

9

premeditated killing; or committed in the perpetration of . . . kidnaping . . ., is murder in the first degree." *Id.* Any other killing is considered second degree murder. *Id.* Because different elements are required to prove first degree versus second degree murder, the statute is divisible. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Here, the superseding indictment charged the defendant with first degree murder. Exhibit 1 at 1, 2, 6, 7, 11, 12. And the jury expressly found the defendant guilty of "first degree" murder. Exhibit 2 (Verdict Form). Accordingly, the question here becomes: does first-degree federal murder qualify as a predicate for a conviction under 924(c)? The answer is clearly yes.

Federal law prohibits individuals from using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Congress defined a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Against this standard, there is simply no possible way first-degree murder could be considered a non-violent, non-forceful act. The killing of another person necessarily requires the application of some force sufficient to cause death. That satisfies the force clause under Supreme Court precedent. *See Johnson v. United*

10

*States*, 559 U.S. 133, 140-41 (2010) (citing legal dictionary definition which provided that "murder" required the application of "extreme physical force"); *United States v. Castleman*, 572 U.S. 157, 171 (2014) (holding that indirect applications of poison satisfy the force clause where they bring about death of the victim). Indeed, this Court time and again has confirmed that various murder-related convictions satisfy the force clause. *United States v. Battle*, 927 F.3d 160, 166-67 (4th Cir. 2019) (holding that Maryland assault with intent to murder satisfies force clause); *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017) (holding that "second-degree retaliatory murder [18 U.S.C. § 1513] is a crime of violence under the force clause"); *United States v. Luskin*, 926 F.2d 372, 379 (4th Cir. 1991) (traveling interstate to commit murder was crime of violence under force clause because it "certainly threatened the use of violence"). If assault with intent to murder and second-degree retaliatory murder satisfy the force clause, there is simply no possible way that first-degree federal murder does not also satisfy the force clause.

And the defendant offers no real retort here. He certainly does not offer any case holding that first degree federal murder is not a crime of violence. He only opines that perhaps federal murder can be committed recklessly, and then claims that reckless crimes do not count under the force clause. But this is quite obviously

11

wrong on both points.  First, the statute makes clear that first-degree murder requires not only "malice aforethought" but also a "willful, deliberate, malicious, and premeditated" killing.  *See United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003) (noting how federal first-degree murder "requires a showing of premeditation in addition to proof of malice").  In this way, because of the heightened mens rea requirement, there is simply no basis for the defendant to claim that first-degree is not a crime of violence.   The law (not to mention common sense) confirms it is.  *United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548, 554 (D. Md. 2016) (rejecting defense argument because to say that "murder is not a crime of violence under the force clause of § 924(c) strains common sense.").

Second, even if it were the case that first-degree murder could be committed recklessly (and it cannot), the defendant is wrong to contend that reckless crimes do not satisfy the force clause.  The Supreme Court has made clear they do.  *See Voisine v. United States*, 136 S. Ct. 2272, 2280 (2016) ("A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally.").

Here, because the jury convicted the defendant of first degree murder, *see* Exhibit 2, and because his 924(c) convictions were based on these first-degree

murder findings, and because first degree murder is a crime of violence under the force clause, there is no merit to the defendant's proposed attacks on his 924(c) convictions.  Hence, there is no reason to permit a successive petition.

## 2.  Kidnapping Resulting In Death Is A Crime of Violence

The defendant's attempts to knock down his aggravated kidnapping resulting in death convictions likewise fail.  The federal kidnapping statute, 18 U.S.C. § 1201(a), requires that the defendant "unlawfully seize[], confine[], inveigle[], decoy[], kidnap[], abduct[], or carr[y] away" a person.  As this Court has found, two of those means, inveigling and decoying, do not satisfy the elements clause of Section 924(c)(3)(A).  *United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir. 2019).  However, that does not settle the matter here.  In this case, the defendant was not simply charged with basic federal kidnapping; rather, he was charged and found guilty of aggravated kidnapping resulting in death.  Exhibit 1; Exhibit 2. Aggravated forms of a statute that carry enhanced penalties (such as here, the death penalty) are divisible from basic kidnapping.  *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."); *accord Burrage v. United States*, 571 U.S. 204, 210 (2014).  Here, kidnapping resulting in death satisfies the force clause of

Section 924(c)(3)(A). Congress's use of the term "results" requires a causal connection between the kidnapping and the death; it would not be sufficient, for example, to show that the victim happened to die of natural causes during the course of a kidnapping. *See Burrage*, 571 U.S. at 214. By establishing this causal connection, the aggravated kidnapping statute requires force capable of causing physical pain or injury that was used during the course of the commission of the offense.

### 3. Even Without The Kidnapping Resulting In Death Predicates, The Murder Predicates Are More Than Sufficient To Sustain The Convictions

And even if there were some doubt about the validity of the aggravated kidnapping predicates, the indictment and verdict form here make clear that the defendant's 924(c) convictions were based on both the murder and aggravated kidnapping predicates. Under this Court's precedent, the invalidity of one predicate is not sufficient to upset the conviction where a valid, alternative predicate was also found.

This Court has explained that, "when a general verdict on a single criminal charge rests on alternative theories, one valid and the other invalid, the verdict must be set aside if it is 'impossible to tell which ground the jury selected.'" *United*

14

*States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012) (quoting *Yates v. United States*, 354 U.S. 298, 312 (1957)).   Under Supreme Court precedent, an "alternative-theory error is subject to ordinary harmlessness review, and the relevant appellate inquiry is whether the error was harmless beyond a reasonable doubt."   *Id.* (citing *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (per curiam)).

However, when the record establishes that the jury would have convicted a defendant under § 924(c) without a challenged predicate offense, this Court has affirmed. *United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016).   In addition, the Eleventh Circuit recently affirmed the denial of habeas relief where a § 924(c) conviction was supported by two valid predicates and one invalid predicate.   *In re Navarro*, 931 F.3d 1298 (11th Cir. 2019).   There, the defendant's "§ 924(c) charge was predicated on both conspiracy to commit Hobbs Act robbery, as charged in Count One, and drug-trafficking crimes, as charged in Counts Two and Three."   *Id.* at 1299.   Against that backdrop, *Navarro* denied the defendant's application to file a second-or-successive habeas petition.   It reasoned that "the factual proffer, which Navarro signed and acknowledged as accurate, established Navarro committed the drug trafficking crimes in Counts Two and Three and carried a firearm during and in relation to those offenses."   *Id.* at 1302. Thus, it was "apparent from the record

15

that Navarro's § 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of Davis, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence." *Id.*

Here, this Court must follow its precedent in *Hare* and should follow the persuasive guidance in *Navarro*. Even if there were some question about the kidnapping predicates, there can be no doubt that the jury found the defendant guilty of first degree murder. And those first degree murder predicates satisfy the force clause. Because these proper predicates supported the 924(c) convictions, there is simply no basis to disturb them. Hence, no successive petition should be allowed.

**C.** **This Court Should Decline To Exercise Its Discretion To Recognize The Defendant's Claims Because It Can Afford No Meaningful Relief When The Defendant Is Still Facing Nine Death Sentences**

Finally, even if the Court were inclined to hold there was some question on the issues presented based only a cursory glance, the petition should still be denied because there is no basis to conclude that the granting of the petition will afford the defendant any meaningful relief. Under the concurrent sentence doctrine, "if a defendant has concurrent sentences on multiple counts of conviction and one count is found to be invalid, an appellate court need not consider the validity of the other counts unless the defendant would suffer 'adverse collateral consequences from the

16

unreviewed conviction.'"  *See In re Williams*, 826 F.3d 1351, 1356-1357 (11th Cir. 2016) (per curiam).  This Court applies the concurrent sentencing doctrine when the defendant is seeking habeas relief that challenges the sentence he received for a given conviction, when the vacatur of that conviction would still leave in place another concurrent sentence.  *United States v. Charles*, 932 F.3d 153, 159-62 (4th Cir. 2019); *but cf. id.* (explaining that the doctrine is not generally applicable where the challenge is solely to a conviction and not to a sentence).  That doctrine applies where there is "no substantial possibility" that one of those allegedly invalid convictions would subject the defendant to "adverse collateral consequences."  *Id.*

The defendant has not and cannot make that showing here.  Regardless what happens to his 924(c) convictions, the defendant is still facing nine death sentences. There is no basis to disturb those sentences.  Indeed, those death sentences will be and must be carried out before the 45-year sentence associated with 924(c) convictions can be served.  There is simply no meaningful relief that the district court can afford by addressing the validity of the 924(c) convictions, unless and until the defendant mounts a successful attack on his death sentences.  For this reason as well, the petition should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny defendant's request for authorization to file a successive petition under 28 U.S.C. § 2255.

Respectfully submitted,

Robert K. Hur
United States Attorney

 /s/
Jason D. Medinger, Assistant U.S. Attorney
Burden H. Walker, Assistant U.S. Attorney

36 South Charles Street
Baltimore, Maryland 21201
(410) 209-4800

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case. The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

**CERTIFICATE OF COMPLIANCE**

1. This brief has been prepared using:

   **Microsoft Word, Times New Roman, 14 Point**

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains 3,737 words.

   I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

   /s/
   Jason D. Medinger
   Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, and mailed a copy to counsel of record.

/s/_____
Jason Medinger
Assistant United States Attorney