DAJ/SW USAO#1996R00274

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DEC 2 1998

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL NO. PJM-98-0520** |
| | : | |
| WILLIS MARK HAYNES | : | (Murder, 18 U.S.C. § 1111; Kidnapping, |
| and | : | 18 U.S.C. § 1201(a)(2); Use of a Handgun |
| DUSTIN JOHN HIGGS, | : | During Crime of Violence, 18 U.S.C. |
| Defendants | : | § 924(c); Aiding and Abetting, |
| | : | 18 U.S.C. § 2) |

...oOo...

<u>**SECOND SUPERSEDING INDICTMENT**</u>

The Grand Jury for the District of Maryland charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the

State and District of Maryland, an area within the special maritime and territorial jurisdiction of the

United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tamika Black, by shooting her

with a firearm, willfully, deliberately, maliciously, and with premeditation.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

**135**

## COUNT TWO

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tamika Black, by shooting her with a firearm, in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

**136**

## ALTERNATIVE COUNT THREE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tamika Black, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation, and did commit said unlawful and malicious killing in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

3

**137**

## COUNT FOUR

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States, and elsewhere,

### WILLIS MARK HAYNES

### and

### DUSTIN JOHN HIGGS

the defendants herein, did knowingly, willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Tamika Black, an adult woman, for a reason which was of benefit to the defendants, and which conduct resulted in the death of Tamika Black.

18 U.S.C. § 1201(a)(2)
18 U.S.C. § 7
18 U.S.C. § 2

4

**138**

## COUNT FIVE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, in the State and District of Maryland,

### WILLIS MARK HAYNES

### and

### DUSTIN JOHN HIGGS

the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201, respectively, as charged in Counts One, Two, Alternative Count Three and Count Four of this Second Superseding Indictment, which are incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT SIX

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Mishann Chinn, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

**140**

## COUNT SEVEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Mishann Chinn, by shooting her with a firearm, in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

7

**141**

## ALTERNATIVE COUNT EIGHT

The Grand Jury for the District of Maryland charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

### WILLIS MARK HAYNES

### and

### DUSTIN JOHN HIGGS

the defendants herein, with malice aforethought, did unlawfully kill Mishann Chinn, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation, and did commit said unlawful and malicious killing in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

**142**

## COUNT NINE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States, and elsewhere,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly, willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Mishann Chinn, an adult woman, for a reason which was of benefit to the defendants, and which conduct resulted in the death of Mishann Chinn.

18 U.S.C. § 1201(a)(2)
18 U.S.C. § 7
18 U.S.C. § 2

9

143

## COUNT TEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, in the State and District of Maryland,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201, respectively, as charged in Counts Six, Seven, Alternative Count Eight and Nine of this Second Superseding Indictment, which are incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

**144**

## COUNT ELEVEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tanji Jackson, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

11

**145**

## COUNT TWELVE

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, with malice aforethought, did unlawfully kill Tanji Jackson, by shooting her with a firearm, in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

12

**146**

## ALTERNATIVE COUNT THIRTEEN

The Grand Jury for the District of Maryland charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States,

### WILLIS MARK HAYNES

### and

### DUSTIN JOHN HIGGS

the defendants herein, with malice aforethought, did unlawfully kill Tanji Jackson, by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation, and did commit said unlawful and malicious killing in the perpetration of, and attempted perpetration of a felony, to wit, kidnapping.

18 U.S.C. § 1111
18 U.S.C. § 7
18 U.S.C. § 2

13

**147**

## COUNT FOURTEEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, on the grounds of Patuxent National Wildlife Refuge in the State and District of Maryland, an area within the special maritime and territorial jurisdiction of the United States, and elsewhere,

**WILLIS MARK HAYNES**

**and**

**DUSTIN JOHN HIGGS**

the defendants herein, did knowingly, willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Tanji Jackson, an adult woman, for a reason which was of benefit to the defendants, and which conduct resulted in the death of Tanji Jackson.

18 U.S.C. § 1201(a)(2)
18 U.S.C. § 7
18 U.S.C. § 2

**148**

## COUNT FIFTEEN

The Grand Jury for the District of Maryland further charges:

On or about January 27, 1996, in the State and District of Maryland,

### WILLIS MARK HAYNES

and

### DUSTIN JOHN HIGGS

the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201, respectively, as charged in Counts Eleven, Twelve, Alternative Count Thirteen and Count Fourteen of this Second Superseding Indictment, which are incorporated by reference herein.

18 U.S.C. § 924(c)
18 U.S.C. § 2

_Lynne A. Battaglia_
Lynne A. Battaglia
United States Attorney

A TRUE BILL:

FOREPERSON

12/20/99
Date

15

**149**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
    vs.                        )   Case No. PJM-98-0520
                               )
DUSTIN JOHN HIGGS              )
                               )
              Defendant.       )   /

## AMENDED NOTICE OF INTENTION TO SEEK THE DEATH PENALTY AS TO DEFENDANT DUSTIN JOHN HIGGS

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and the defendant in the above-captioned case that the Government believes the circumstances of the offenses charged in Counts One, Two, Alternative Count Three, Four, Six, Seven, Alternative Count Eight, Nine, Eleven, Twelve, Alternative Count Thirteen and Count Fourteen of the Second Superseding Indictment are such that, in the event of the defendant's conviction of one or more of these offenses, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the Government will seek the sentence of death for these offenses: Count One, the first degree premeditated murder of Tamika Black in violation of 18 U.S.C. § 1111; Count Two, the first degree murder of Tamika Black which occurred during the perpetration and attempted perpetration of a felony in violation of 18 U.S.C. § 1111; Alternative Count Three, the first degree murder

150

of Tamika Black in violation of 18 U.S.C. § 1111; Count Four, the kidnapping of Tamika Black which resulted in her death in violation of 18 U.S.C. § 1201(a)(2); Count Six, the first degree premeditated murder of Mishann Chinn in violation of 18 U.S.C. § 1111; Count Seven, the first degree murder of Mishann Chinn which occurred during the perpetration and attempted perpetration of a felony in violation of 18 U.S.C. § 1111; Alternative Count Eight, the first degree murder of Mishann Chinn in violation of 18 U.S.C. § 1111; Count Nine, the kidnapping of Mishann Chinn which resulted in her death in violation of 18 U.S.C. § 1201(a)(2); Count Eleven, the first degree premeditated murder of Tanji Jackson in violation of 18 U.S.C. § 1111; Count Twelve, the first degree murder of Tanji Jackson which occurred during the perpetration and attempted perpetration of a felony in violation of 18 U.S.C. § 1111; Alternative Count Thirteen, the first degree murder of Tanji Jackson in violation of 18 U.S.C. § 1111; and Count Fourteen, the kidnapping of Tanji Jackson which resulted in her death in violation of 18 U.S.C. § 1201(a)(2).

The Government proposes to prove the following factors as justifying a sentence of death.

2

**151**

## COUNTS ONE, TWO, AND ALTERNATIVE COUNT THREE

## THE FIRST DEGREE MURDER OF TAMIKA BLACK

A.    Statutory Proportionality Factors Enumerated
under 18 U.S.C. § 3591(a)(2)(A)-(D).

1.    **Intentional Acts to Take Life or Use Lethal Force.**
The defendant intentionally participated in an act, contemplating
that the life of a person would be taken and intending that lethal
force would be used in connection with a person, other than one of
the participants in the offense, and Tamika Black died as a direct
result of the act.  18 U.S.C. § 3591(a)(2)(C).

2.    **Intentional Acts of Violence Creating a Grave Risk
of Death.**  The defendant intentionally and specifically engaged in
an act of violence, knowing that the act created a grave risk of
death to a person, other than one of the participants in the
offense, such that participation in the act constituted a reckless
disregard for human life and Tamika Black died as a direct result
of the act.  18 U.S.C. § 3591(a)(2)(D).

B.    Statutory Aggravating Factors Enumerated under
18 U.S.C. § 3592(c).

1.    **Death during Commission of Another Crime.**  The death
and injuries resulting in death occurred during the commission of,
attempted commission of, and during the immediate flight from the
commission of, an offense under 18 U.S.C. § 1201(a)(2)
(kidnapping).  18 U.S.C. § 3592(c)(1).

3

**152**

2.    **Previous Conviction of Violent Felony Involving Firearm.** The defendant has previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person. Specifically, the defendant was convicted in the Circuit Court for Prince George's County Maryland, case number CT-96-1875X, of assault and battery, and Count 2 reckless endangerment. The offenses occurred on December 10, 1995 and involved the defendant firing a handgun at or into an occupied apartment and in addition firing the same weapon at one individual. 18 U.S.C. § 3592(c)(2).

3.    **Conviction for Serious Federal Drug Offense.** The defendant has previously been convicted of a serious federal drug offense in violation of Title II or Title III of the Controlled Substances Act of 1970 (21 U.S.C. § 801, *et seq.*) for which a sentence of five or more years imprisonment may be imposed. Specifically, in the District of Maryland, case number PJM-96-0153, the defendant was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). 18 U.S.C. § 3592(c)(12).

4.    **Multiple Killings.** The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

4

**153**

C.     Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593 (a)(2).

1.     **Victim Impact Evidence.**   The defendant caused injury, harm, and loss to the victim and the victim's family because of the effect of the offense on the victim, the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family. Payne v. Tennessee, 501 U.S. 808, 826-827 (1991); 18 U.S.C. § 3593(a).

2.     **Future Dangerousness of the Defendant.**   The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. Simmons v. South Carolina, 512 U.S. 154, 163-164 (1994). In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the defendant has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse, including but not limited to one or more of the following:

(1)   On or about March 21, 1996, Dustin John Higgs possessed a loaded semi-automatic pistol and approximately 100 rounds of ammunition.

(2)   On or about March 10, 1993, Dustin John Higgs carried a handgun on his person in Montgomery County, Maryland.

5

154

(3) On or about November 19, 1995, Dustin John Higgs engaged in a drive-by shooting, discharging a firearm at the occupants of a black Nissan automobile in the area of the 1100 block of Ingraham Street, N.W., Washington, D.C.

(4) From at least the summer of 1995 until March 1996, Dustin John Higgs was engaged in the distribution of cocaine base.

(5) In or about September 1995, Dustin John Higgs pulled out a handgun and threatened to injure Enisdia Darby with it.

(6) Dustin John Higgs continued to engage in ongoing criminal activities while on probation and subsequent to incarceration in the State of Maryland.

(7) Dustin John Higgs threatened Janelle Chambers during 1996 to permit Higgs and his associates to use her apartment for their drug trafficking activities.

(8) Since at least January 1999, Dustin John Higgs has stated that he will "get to" Victor Gloria or his family to silence him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

3. **Obstruction of Justice.** Dustin John Higgs has obstructed the investigation of the kidnappings and murders of Tamika Black, Mishann Chinn and Tanji Jackson, in that the defendant tampered and attempted to tamper with evidence and witnesses. This is shown by facts including but not limited to one or more of the following:

6

155

(1)    Dustin John Higgs destroyed and removed evidence which implicated Willis Mark Haynes and himself in the murders, including but not limited to the destruction of tapes located in the apartment at 13801 Briarwood Drive, Apartment 1924, Laurel, Maryland, and driving Willis Mark Haynes to Washington D.C. where the murder weapon was thrown into the Anacostia River.

(2)    Dustin John Higgs threatened, encouraged, and enticed other individuals to lie about his whereabouts, to provide a false alibi and to deny any knowledge concerning his involvement in the murders or his relationship with any of the victims.

(3)    From at least January 1999, Dustin John Higgs has planned and solicited individuals to assist him in intimidating Victor Gloria or members of his family to prevent Gloria from testifying against him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

## COUNT FOUR

### THE KIDNAPPING OF TAMIKA BLACK
### WHICH RESULTED IN DEATH

A.    Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

1.    Intentional Acts to Take Life or Use Lethal Force. The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of

7

**156**

the participants in the offense, and Tamika Black died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

2. **Intentional Acts of Violence Creating a Grave Risk of Death.** The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tamika Black died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

B. Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1. **Previous Conviction of Violent Felony Involving Firearm.** The defendant has previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, specifically the defendant was convicted in the Circuit Court for Prince George's County Maryland, case number CT-96-1875X, of assault and battery, and Count 2 reckless endangerment. The offenses occurred on December 10, 1995 and involved the defendant firing a handgun at or into an occupied apartment and in addition firing the same weapon at one individual. 18 U.S.C. § 3592(c)(2).

2. **Conviction for Serious Federal Drug Offense.** The defendant has previously been convicted of a serious federal drug

8

offense in violation of Title II or Title III of the Controlled Substances' Act of 1970 (21 U.S.C. § 801, et seq.) for which a sentence of five or more years imprisonment may be imposed. Specifically, in the District of Maryland, case number PJM-96-0153, the defendant was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). 18 U.S.C. § 3592(c)(12).

3. **Multiple Killings.** The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C. Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593 (a)(2).

1. **Victim Impact Evidence.** The defendant caused injury, harm, and loss to the victim and the victim's family because of the effect of the offense on the victim, the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family. Payne v. Tennessee, 501 U.S. 808, 826-827 (1991); 18 U.S.C. § 3593(a).

2. **Future Dangerousness of the Defendant.** The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. Simmons v. South Carolina, 512 U.S. 154, 163-164 (1994). In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the defendant has engaged in a continuing

9

**158**

pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse, including but not limited to one or more of the following:

(1) On or about March 21, 1996, Dustin John Higgs possessed a loaded semi-automatic pistol and approximately 100 rounds of ammunition.

(2) On or about March 10, 1993, Dustin John Higgs carried a handgun on his person in Montgomery County, Maryland.

(3) On or about November 19, 1995, Dustin John Higgs engaged in a drive-by shooting, discharging a firearm at the occupants of a black Nissan automobile in the area of the 1100 block of Ingraham Street, N.W., Washington, D.C.

(4) From at least the summer of 1995 until March 1996, Dustin John Higgs was engaged in the distribution of cocaine base.

(5) In or about September 1995, Dustin John Higgs pulled out a handgun and threatened to injure Enisdia Darby with it.

(6) Dustin John Higgs continued to engage in ongoing criminal activities while on probation and subsequent to incarceration in the State of Maryland.

(7) Dustin John Higgs threatened Janelle Chambers during 1996 to permit Higgs and his associates to use her apartment for their drug trafficking activities.

10

**159**

(8) Since at least January 1999, Dustin John Higgs has stated that he will "get to" Victor Gloria or his family to silence him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

3.    **Obstruction of Justice.**    Dustin John Higgs has obstructed the investigation of the kidnappings and murders of Tamika Black, Mishann Chinn and Tanji Jackson, in that the defendant tampered and attempted to tamper with evidence and witnesses. This is shown by facts including but not limited to one or more of the following:

(1) Dustin John Higgs destroyed and removed evidence which implicated Willis Mark Haynes and himself in the murders, including but not limited to the destruction of tapes located in the apartment at 13801 Briarwood Drive, Apartment 1924, Laurel, Maryland, and driving Willis Mark Haynes to Washington D.C. where the murder weapon was thrown into the Anacostia River.

(2) Dustin John Higgs threatened, encouraged, and enticed other individuals to lie about his whereabouts, to provide a false alibi and to deny any knowledge concerning his involvement in the murders or his relationship with any of the victims.

(3) From at least January 1999, Dustin John Higgs has planned and solicited individuals to assist him in intimidating Victor Gloria or members of his family to prevent Gloria from

11

**160**

testifying against him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

## COUNTS SIX, SEVEN AND ALTERNATIVE COUNT EIGHT

## THE FIRST DEGREE MURDER OF MISHANN CHINN

A. Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

1.   **Intentional Acts to Take Life or Use Lethal Force.** The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Mishann Chinn died as a direct result of the act.   18 U.S.C. § 3591(a)(2)(C).

2.   **Intentional Acts of Violence Creating a Grave Risk of Death.** The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Mishann Chinn died as a direct result of the act.   18 U.S.C. § 3591(a)(2)(D).

B. Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1.   **Death during Commission of Another Crime.** The death and injuries resulting in death occurred during the commission of, attempted commission of, and during the immediate flight from the

12

**161**

commission of, an offense under 18 U.S.C. § 1201(a)(2) (kidnapping). 18 U.S.C. § 3592(c)(1).

2.    **Previous Conviction of Violent Felony Involving Firearm.** The defendant has previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, specifically the defendant was convicted in the Circuit Court for Prince George's County Maryland, case number CT-96-1875X, of assault and battery, and Count 2 reckless endangerment. The offenses occurred on December 10, 1995 and involved the defendant firing a handgun at or into an occupied apartment and in addition firing the same weapon at one individual. 18 U.S.C. § 3592(c)(2).

3.    **Conviction for Serious Federal Drug Offense.** The defendant has previously been convicted of a serious federal drug offense in violation of Title II or Title III of the Controlled Substances Act of 1970 (21 U.S.C. § 801, _et seq._) for which a sentence of five or more years imprisonment may be imposed. Specifically, in the District of Maryland, case number PJM-96-0153, the defendant was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). 18 U.S.C. § 3592(c)(12).

13

**162**

4. **Multiple Killings.** The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C. <u>Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593 (a)(2)</u>.

1. **Victim Impact Evidence.** The defendant caused injury, harm, and loss to the victim and the victim's family because of the effect of the offense on the victim, the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family. <u>Payne v. Tennessee</u>, 501 U.S. 808, 826-827 (1991); 18 U.S.C. § 3593(a).

2. **Future Dangerousness of the Defendant.** The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. <u>Simmons v. South Carolina</u>, 512 U.S. 154, 163-164 (1994). In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the defendant has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse, including but not limited to one or more of the following:

(1) On or about March 21, 1996, Dustin John Higgs possessed a loaded semi-automatic pistol and approximately 100 rounds of ammunition.

14

**163**

(2) On or about March 10, 1993, Dustin John Higgs carried a handgun on his person in Montgomery County, Maryland.

(3) On or about November 19, 1995, Dustin John Higgs engaged in a drive-by shooting, discharging a firearm at the occupants of a black Nissan automobile in the area of the 1100 block of Ingraham Street, N.W., Washington, D.C.

(4) From at least the summer of 1995 until March 1996, Dustin John Higgs was engaged in the distribution of cocaine base.

(5) In or about September 1995, Dustin John Higgs pulled out a handgun and threatened to injure Enisdia Darby with it.

(6) Dustin John Higgs continued to engage in ongoing criminal activities while on probation and subsequent to incarceration in the State of Maryland.

(7) Dustin John Higgs threatened Janelle Chambers during 1996 to permit Higgs and his associates to use her apartment for their drug trafficking activities.

(8) Since at least January 1999, Dustin John Higgs has stated that he will "get to" Victor Gloria or his family to silence him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

3.   **Obstruction of Justice.**   Dustin John Higgs has obstructed the investigation of the kidnappings and murders of Tamika Black, Mishann Chinn and Tanji Jackson, in that the defendant tampered and attempted to tamper with evidence and

15

**164**

witnesses. This is shown by facts including but not limited to one or more of the following:

(1) Dustin John Higgs destroyed and removed evidence which implicated Willis Mark Haynes and himself in the murders, including but not limited to the destruction of tapes located in the apartment at 13801 Briarwood Drive, Apartment 1924, Laurel, Maryland and driving Willis Mark Haynes to Washington D.C. where the murder weapon was thrown into the Anacostia River.

(2) Dustin John Higgs threatened, encouraged, and enticed other individuals to lie about his whereabouts, to provide a false alibi and to deny any knowledge concerning his involvement in the murders or his relationship with any of the victims.

(3) From at least January 1999, Dustin John Higgs has planned and solicited individuals to assist him in intimidating Victor Gloria or members of his family to prevent Gloria from testifying against him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

## COUNT NINE

### THE KIDNAPPING OF MISHANN CHINN WHICH RESULTED IN DEATH

A.    Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

1.    Intentional Acts to Take Life or Use Lethal Force. The defendant intentionally participated in an act, contemplating

16

**165**

that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Mishann Chinn died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

2.    **Intentional Acts of Violence Creating a Grave Risk of Death.** The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Mishann Chinn died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

B.    <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

1.    **Previous Conviction of Violent Felony Involving Firearm.** The defendant has previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, specifically the defendant was convicted in the Circuit Court for Prince George's County Maryland, case number CT-96-1875X, of assault and battery, and Count 2 reckless endangerment. The offenses occurred on December 10, 1995 and involved the defendant firing a handgun at or into an occupied apartment and in addition firing the same weapon at one individual. 18 U.S.C. § 3592(c)(2).

17

**166**

2. **Conviction for Serious Federal Drug Offense.** The defendant has previously been convicted of a serious federal drug offense in violation of Title II or Title III of the Controlled Substances Act of 1970 (21 U.S.C. § 801, _et seq._) for which a sentence of five or more years imprisonment may be imposed. Specifically, in the District of Maryland, case number PJM-96-0153, the defendant was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). 18 U.S.C. § 3592(c)(12).

3. **Multiple Killings.** The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C. <u>Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593 (a)(2).</u>

1. **Victim Impact Evidence.** The defendant caused injury, harm, and loss to the victim and the victim's family because of the effect of the offense on the victim, the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family. <u>Payne v. Tennessee</u>, 501 U.S. 808, 826-827 (1991); 18 U.S.C. § 3593(a).

2. **Future Dangerousness of the Defendant.** The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. <u>Simmons v. South Carolina</u>, 512 U.S. 154, 163-164 (1994). In addition to the capital offenses charged in the

18

167

Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the defendant has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse, including but not limited to one or more of the following:

(1) On or about March 21, 1996, Dustin John Higgs possessed a loaded semi-automatic pistol and approximately 100 rounds of ammunition.

(2) On or about March 10, 1993, Dustin John Higgs carried a handgun on his person in Montgomery County, Maryland.

(3) On or about November 19, 1995, Dustin John Higgs engaged in a drive-by shooting, discharging a firearm at the occupants of a black Nissan automobile in the area of the 1100 block of Ingraham Street, N.W., Washington, D.C.

(4) From at least the summer of 1995 until March 1996, Dustin John Higgs was engaged in the distribution of cocaine base.

(5) In or about September 1995, Dustin John Higgs pulled out a handgun and threatened to injure Enisdia Darby with it.

(6) Dustin John Higgs continued to engage in ongoing criminal activities while on probation and subsequent to incarceration in the State of Maryland.

(7)    Dustin John Higgs threatened Janelle Chambers during 1996 to permit Higgs and his associates to use her apartment for their drug trafficking activities.

(8)    Since at least January 1999, Dustin John Higgs has stated that he will "get to" Victor Gloria or his family to silence him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

3.    **Obstruction of Justice.**    Dustin John Higgs has obstructed the investigation of the kidnappings and murders of Tamika Black, Mishann Chinn and Tanji Jackson, in that the defendant tampered and attempted to tamper with evidence and witnesses. This is shown by facts including but not limited to one or more of the following:

(1)    Dustin John Higgs destroyed and removed evidence which implicated Willis Mark Haynes and himself in the murders, including but not limited to the destruction of tapes located in the apartment at 13801 Briarwood Drive, Apartment 1924, Laurel, Maryland, and driving Willis Mark Haynes to Washington D.C. where the murder weapon was thrown into the Anacostia River.

(2)    Dustin John Higgs threatened, encouraged, and enticed other individuals to lie about his whereabouts, to provide a false alibi and to deny any knowledge concerning his involvement in the murders or his relationship with any of the victims.

20

**169**

(3)  From at least January 1999, Dustin John Higgs has planned and solicited individuals to assist him in intimidating Victor Gloria or members of his family to prevent Gloria from testifying against him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

## COUNTS ELEVEN, TWELVE AND ALTERNATIVE COUNT THIRTEEN

## THE FIRST DEGREE MURDER OF TANJI JACKSON

A.  Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

1.  **Intentional Acts to Take Life or Use Lethal Force.** The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Tanji Jackson died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(C).

2.  **Intentional Acts of Violence Creating a Grave Risk of Death.**  The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tanji Jackson died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

21

**170**

B.   Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1.   **Death during Commission of Another Crime.** The death and injuries resulting in death occurred during the commission of, attempted commission of, and during the immediate flight from the commission of, an offense under 18 U.S.C. § 1201(a)(2) (kidnapping). 18 U.S.C. § 3592(c)(1).

2.   **Previous Conviction of Violent Felony Involving Firearm.** The defendant has previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, specifically the defendant was convicted in the Circuit Court for Prince George's County Maryland, case number CT-96-1875X, of assault and battery, and Count 2 reckless endangerment. The offenses occurred on December 10, 1995 and involved the defendant firing a handgun at or into an occupied apartment and in addition firing the same weapon at one individual. 18 U.S.C. § 3592(c)(2).

3.   **Conviction for Serious Federal Drug Offense.** The defendant has previously been convicted of a serious federal drug offense in violation of Title II or Title III of the Controlled Substances Act of 1970 (21 U.S.C. § 801, et seq.) for which a sentence of five or more years imprisonment may be imposed. Specifically, in the District of Maryland, case number PJM-96-0153, the defendant was convicted of possession with intent to distribute

22

**171**

cocaine base in violation of 21 U.S.C. § 841(a).   18 U.S.C. § 3592(c)(12).

4.    **Multiple Killings.**   The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C.    Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593 (a)(2).

1.    **Victim Impact Evidence.**   The defendant caused injury, harm, and loss to the victim and the victim's family because of the effect of the offense on the victim, the victim's personal characteristics as an individual human being and the impact of the death upon the victim and the victim's family. Payne v. Tennessee, 501 U.S. 808, 826-827 (1991); 18 U.S.C. § 3593(a).

2.    **Future Dangerousness of the Defendant.**   The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. Simmons v. South Carolina, 512 U.S. 154, 163-164 (1994).   In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the defendant has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse, including but not limited to one or more of the following:

23

172

(1) On or about March 21, 1996, Dustin John Higgs possessed a loaded semi-automatic pistol and approximately 100 rounds of ammunition.

(2) On or about March 10, 1993, Dustin John Higgs carried a handgun on his person in Montgomery County, Maryland.

(3) On or about November 19, 1995, Dustin John Higgs engaged in a drive-by shooting, discharging a firearm at the occupants of a black Nissan automobile in the area of the 1100 block of Ingraham Street, N.W., Washington, D.C.

(4) From at least the summer of 1995 until March 1996, Dustin John Higgs was engaged in the distribution of cocaine base.

(5) In or about September 1995, Dustin John Higgs pulled out a handgun and threatened to injure Enisdia Darby with it.

(6) Dustin John Higgs continued to engage in ongoing criminal activities while on probation and subsequent to incarceration in the State of Maryland.

(7) Dustin John Higgs threatened Janelle Chambers during 1996 to permit Higgs and his associates to use her apartment for their drug trafficking activities.

(8) Since at least January 1999, Dustin John Higgs has stated that he will "get to" Victor Gloria or his family to silence him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

24

173

3. **Obstruction of Justice.** Dustin John Higgs has obstructed the investigation of the kidnappings and murders of Tamika Black, Mishann Chinn and Tanji Jackson, in that the defendant tampered and attempted to tamper with evidence and witnesses. This is shown by facts including but not limited to one or more of the following:

(1) Dustin John Higgs destroyed and removed evidence which implicated Willis Mark Haynes and himself in the murders, including but not limited to the destruction of tapes located in the apartment at 13801 Briarwood Drive, Apartment 1924, Laurel, Maryland, and driving Willis Mark Haynes to Washington D.C. where the murder weapon was thrown into the Anacostia River.

(2) Dustin John Higgs threatened, encouraged, enticed and induced other individuals to lie about his whereabouts, to provide a false alibi and to deny any knowledge concerning his involvement in the murders or his relationship with any of the victims.

(3) From at least January 1999, Dustin John Higgs has planned and solicited individuals to assist him in intimidating Victor Gloria or members of his family to prevent Gloria from testifying against him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

25

**174**

## COUNT FOURTEEN

### THE KIDNAPPING OF TANJI JACKSON WHICH RESULTED IN DEATH

A. Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

1. **Intentional Acts to Take Life or Use Lethal Force.** The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Tanji Jackson died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

2. **Intentional Acts of Violence Creating a Grave Risk of Death.** The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tanji Jackson died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

B. Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1. **Previous Conviction of Violent Felony Involving Firearm.** The defendant has previously been convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use and attempted and threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person,

26

specifically the defendant was convicted in the Circuit Court for Prince George's County Maryland, case number CT-96-1875X, of assault and battery, and Count 2 reckless endangerment. The offenses occurred on December 10, 1995 and involved the defendant firing a handgun at or into an occupied apartment and in addition firing the same weapon at one individual. 18 U.S.C. § 3592(c)(2).

2. **Conviction for Serious Federal Drug Offense.** The defendant has previously been convicted of a serious federal drug offense in violation of Title II or Title III of the Controlled Substances Act of 1970 (21 U.S.C. § 801, et seq.) for which a sentence of five or more years imprisonment may be imposed. Specifically, in the District of Maryland, case number PJM-96-0153, the defendant was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). 18 U.S.C. § 3592(c)(12).

3. **Multiple Killings.** The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C. <u>Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593 (a)(2).</u>

1. **Victim Impact Evidence.** The defendant caused injury, harm, and loss to the victim and the victim's family because of the effect of the offense on the victim, the victim's personal characteristics as an individual human being and the

27

**176**

impact of the death upon the victim and the victim's family. <u>Payne v. Tennessee</u>, 501 U.S. 808, 826-827 (1991); 18 U.S.C. § 3593(a).

2.    **Future Dangerousness of the Defendant.**    The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. <u>Simmons v. South Carolina</u>, 512 U.S. 154, 163-164 (1994). In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the defendant has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse, including but not limited to one or more of the following:

(1)    On or about March 21, 1996, Dustin John Higgs possessed a loaded semi-automatic pistol and approximately 100 rounds of ammunition.

(2)    On or about March 10, 1993, Dustin John Higgs carried a handgun on his person in Montgomery County, Maryland.

(3)    On or about November 19, 1995, Dustin John Higgs engaged in a drive-by shooting, discharging a firearm at the occupants of a black Nissan automobile in the area of the 1100 block of Ingraham Street, N.W., Washington, D.C.

(4)    From at least the summer of 1995 until March 1996, Dustin John Higgs was engaged in the distribution of cocaine base.

28

(5) In or about September 1995, Dustin John Higgs pulled out a handgun and threatened to injure Enisdia Darby with it.

(6) Dustin John Higgs continued to engage in ongoing criminal activities while on probation and subsequent to incarceration in the State of Maryland.

(7) Dustin John Higgs threatened Janelle Chambers during 1996 to permit Higgs and his associates to use her apartment for their drug trafficking activities.

(8) Since at least January 1999, Dustin John Higgs has stated that he will "get to" Victor Gloria or his family to silence him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

3. **Obstruction of Justice.** Dustin John Higgs has obstructed the investigation of the kidnappings and murders of Tamika Black, Mishann Chinn and Tanji Jackson, in that the defendant tampered and attempted to tamper with evidence and witnesses. This is shown by facts including but not limited to one or more of the following:

(1) Dustin John Higgs destroyed and removed evidence which implicated Willis Mark Haynes and himself in the murders, including but not limited to the destruction of tapes located in the apartment at 13801 Briarwood Drive, Apartment 1924, Laurel, Maryland, and driving Willis Mark Haynes to Washington D.C. where the murder weapon was thrown into the Anacostia River.

29

(2)  Dustin John Higgs threatened, encouraged, enticed and induced other individuals to lie about his whereabouts, to provide a false alibi and to deny any knowledge concerning his involvement in the murders or his relationship with any of the victims.

(3)  From at least January 1999, Dustin John Higgs has planned and solicited individuals to assist him in intimidating Victor Gloria or members of his family to prevent Gloria from testifying against him regarding the murders of Tamika Black, Mishann Chinn and Tanji Jackson.

Respectfully submitted,

Lynne A. Battaglia
United States Attorney

By: _____
Deborah A. Johnston
Assistant United States Attorney

By: _____
Sandra Wilkinson
Assistant United States Attorney

United States Attorney's Office
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770-1249
(301) 344-4433

30

179

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2000, a true and correct copy of the above and foregoing Amended Notice of Intention to Seek the Death Penalty As To Defendant Dustin John Higgs to be mailed first class, postage prepaid to counsel for Higgs as follows:

*Counsel for Dustin John Higgs*

Harry Trainor, Esq.
Knight, Manzi, Nussbaum & LaPlaca
14440 Old Mill Road
Upper Marlboro, Maryland 20772

Timothy Sullivan, Esquire
Sullivan & Sullivan
7305 Baltimore Avenue, Suite 301
College Park, MD 20740-3234

*Counsel for Willis Mark Haynes*

Barry Boss, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004

Joshua Treem, Esq.
Schulman, Treem, Kaminkow & Gilden
World Trade Center, Suite 1800
401 E. Pratt Street
Baltimore, Maryland 21202

Deborah A. Johnston
Assistant United States Attorney

31

**180**